# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **ABEIY E ALEMAYEHU** ) | | |
| **Plaintiff,** ) | | |
| ) | | **Case No. 22-CV-10424-AK** |
| **v.** ) | | |
| ) | | |
| **LIBERTY MUTUAL INSURANCE,** ) | | |
| ) | | |
| **Defendant.** ) | | |

## <u>ORDER</u>

**A. KELLEY, D. J.**

Plaintiff Abeiy E. Alemayehu ("Alemayehu") shall by **April 29, 2022** comply with the Court's March 30, 2022 order [Dkt. 4], by establishing diversity jurisdiction and filing an amended complaint, or this action will be dismissed.

In response to the Court's March 30, 2022 Order challenging Alemayehu's assertion of subject matter jurisdiction pursuant to 28 U.S.C. § 1332, Alemayehu confirmed that he is a citizen of Ethiopia, a lawful permanent resident of the United States, and domiciled in the Commonwealth of Massachusetts. [Dkt. 6]. ("I am a citizen of Ethiopia but a lawful permanent resident and resides [sic] in the state of Massachusetts"). Accordingly, to the extent that the defendant Liberty Mutual Insurance is a citizen of the Commonwealth of Massachusetts, this Court is without diversity jurisdiction and this action must be dismissed for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C.A. § 1332(a)(2) (Diversity jurisdiction exists where amount in controversy is met and suit is between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an

action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.").

While Alemayehu asserts he does not know the citizenship of Liberty Mutual Insurance, "[t]he burden of establishing federal diversity jurisdiction rests on . . . the party invoking federal jurisdiction." Carrozza v. CVS Pharm., Inc., 992 F.3d 44, 51 (1st Cir. 2021). The citizenship of a corporation includes the state of incorporation and state where its principal place of business is located. See 28 U.S.C. § 1332(c)(1). According to the corporate database maintained by the Secretary of State of the Commonwealth of Massachusetts, Liberty Mutual Insurance Company is a Massachusetts Corporation with a principal office located at 175 Berkley Street, Boston Massachusetts. To the extent that Alemayehu intends to sue "Liberty Mutual Insurance Company," diversity of citizenship appears to be absent.

If Alemayehu intends to assert diversity jurisdiction, he shall show cause that diversity jurisdiction exists and file an amended complaint as previously ordered. [See Dkt. 4 at 2–3]. Alemayehu shall, by **April 29, 2022**, file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure. Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P.

10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id. In essence, the complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant. Put another way, a complaint must clearly identify the claims and relief Alemayehu seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts. The caption must identify all defendants. Fed. R. Civ. P. 10(a).  Here, the complaint's factual allegations comprise two sentences. [Dkt. 1 at 4]. Alemayehu will be provided one more opportunity to provide a more fulsome amended complaint. The amended complaint will be further screened.

To the extent that the action is dismissed without prejudice for lack of subject matter jurisdiction, the dismissal will not be a dismissal on the merits of the dispute. Failure to comply with this order will likely result in dismissal of this action. Summonses shall not issue absent further order of the Court.

**SO ORDERED.**

April 15, 2022                                             /s/ Angel Kelley
                                                            ANGEL KELLEY
                                                            U.S. DISTRICT JUDGE